HENDRY, Judge.
This is an appeal from an order of dismissal with prejudice in favor of the defendant, G.E. Kriminger, a police officer. Leonard Rosenberg, an attorney, sued the officer for intentional misrepresentation, interference with a business relationship, negligent misrepresentation and slander based upon statements made by Mr. Kri-minger to Mr. Rosenberg. The trial court found that the officer had sovereign immunity for his statements under section 768.-28, Florida Statutes (1983) and that a fraud claim must allege a misrepresentation of a past or existing fact and cannot be based upon a false promise. Mr. Rosenberg appeals the dismissal with prejudice of the claims for intentional misrepresentation and interference with a business relationship.
The facts giving rise to this appeal, as reflected in the complaint, may be stated as follows. Mr. Rosenberg contacted Mr. Kri-minger, a City of Miami Beach police officer, to inquire whether Mr. Rosenberg’s client, Joaquin Gomez, was being sought for arrest or questioning. The officer told Mr. Rosenberg that the client was only being sought for questioning and that the officer had no intention of arresting him. Mr. Rosenberg was unable to immediately arrange for his client to meet with officer Kriminger, so .Mr. Kriminger called Mr. Rosenberg at least three other times, reiterating that he only wanted to question Mr. Gomez, not arrest him. Mr. Rosenberg convinced his client to meet with the officer on the basis of the officer’s assurances. Mr. Gomez went to meet with officer Kri-minger and he refused to answer the officer’s questions, whereupon the officer arrested him. Appellant’s complaint alleged that the arrest undermined the trust the client had for Mr. Rosenberg and caused the client to terminate his employment of Mr. Rosenberg.
On appeal Mr. Rosenberg asserts that a police officer does not enjoy sovereign immunity for an intentional misrepresentation and interference with a business relationship, and that a claim for fraud may be based upon a false promise. We agree with the trial court that the facts alleged in the instant complaint establish that the officer has sovereign immunity for statements made during the course of an official investigation. We do not find it necessary to consider whether an action for fraud can be based on a false promise.
We affirm because we find that the officer’s statements involved broad policy and planning decisions pursuant to a law enforcement investigation. In determining that the police officer was immune from liability for his statements, this court recognizes that officer Kriminger’s actions were operational in nature, under the test of Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979), and thus liability would ordinarily attach. However, merely because an activity is operational does not necessarily remove the activity from the category of governmental activity which involves broad policy or planning decisions. Everton v. Willard, 468 So.2d 936 (Fla.1985).
This case is analogous to Everton v. Willard, in which the Florida Supreme Court held that a law enforcement officer’s decision to make or not make an arrest is covered by sovereign immunity which precludes liability for such a decision. The court quoted with approval the statement of the Second District Court of Appeal in Everton v. Willard, 426 So.2d 996, 1003-04 (Fla. 2d DCA 1983).
*881 [T]he proper planning and implementation of a viable system of law enforcement for any governmental unit must necessarily include the discretion of the officer on the scene to arrest or not arrest as his judgment at the time dictates. When that discretion is exercised, neither the officer nor the employing governmental entity should be held liable in tort for the consequences of the exercise of that discretion.
At 938. Both the supreme court and the second district court recognized in Everton the necessity of immunity for a police officer to arrest or not arrest a person as his judgment dictates. We add only that, as our supreme court said in Rupp v. Bryant, 417 So.2d 658, 663 (Fla.1982), “the rationale for official immunity is the promotion of ‘fearless, vigorous, and effective administration of policies of government.’ ” (quoting Barr v. Matteo, 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434, 1441 (1959)).
We find, in accordance with the cited authorities, that the trial court properly dismissed appellant’s complaint.
Affirmed.